UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| SANDI L. LUND, | ) | Case No.: 2:11-cv-00384-RLH-RJJ |
| Plaintiff, | ) ) | **O R D E R** |
| vs. | ) ) | (Motion to Extend Time–#12; Motion for Temporary Restraining Order–#13; |
| HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-3, an entity of unknown formation and origin; GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION, a foreign limited-liability company; EXECUTIVE TRUSTEE SERVICES, LLC, a foreign limited-liability company, and; DOES 1 through 20, inclusive, and ROE CORPORATIONS, 1 through 20, inclusive, | ) ) ) ) ) ) ) ) ) ) ) | Motion for Hearing Date–#14; Motion for Preliminary Injunction–#1-4) |
| Defendants. | ) ) | |

Before the Court is Plaintiff Sandi L. Lund's **Motion to Extend Time** (#12), *Ex Parte* **Motion for Temporary Restraining Order** ("TRO") (#13), and *Ex Parte* **Motion for Hearing Date** (#14), all filed on June 15, 2011.

Also before the Court is Lund's **Motion for Preliminary Injunction** (#1-4, filed Mar. 11, 2011). The Court has also considered Defendants Wells Fargo Bank, N.A., as Trustee for Harborview Mortgage Loan Pass-Through Certificates, Series 2007-3; GMAC Mortgage, LLC; and Executive Trustee Services, LLC's Opposition (#5, filed Mar. 15, 2011). Lund did not reply.

1

AO 72
(Rev. 8/82)

**BACKGROUND**

This dispute arises from Plaintiff's allegations that Defendants engaged in unfair lending practices and other tortious conduct related to her mortgage loans on the real property located at 4050 East St. Louis Avenue, Las Vegas, Nevada 89104. According to Clark County records,[1] Plaintiff refinanced her mortgage loan multiple times between 2004 and 2009. In October 2009, a notice of breach and election to sell was recorded on the property. (Dkt. #6, Mot. Ex. F.) A notice of trustee's sale was recorded in March 2010 (*Id.*, Ex. G), and the property was sold at auction to Defendant GMAC Mortgage on April 16, 2010 (*Id.*, Ex. H).

On February 17, 2011, Plaintiff filed suit against Defendants in the Eighth Judicial District Court of the State of Nevada alleging the following causes of action: (1) unfair lending practices, (2) intentional misrepresentation, (3) negligence, (4) negligence per se, (5) negligent misrepresentation, (6) breach of fiduciary duty, (7) breach of covenant of good faith and fair dealing, (8) wrongful foreclosure, and (9) declaratory relief. She also filed a motion for preliminary injunction. On March 11, Defendants removed the case to this Court, opposed the motion for preliminary injunction, and filed a Counter-Motion to Dismiss (#6). On April 6, Defendants filed a Notice of Non-Opposition (#8) to their motion.

On February 23, 2011, GMAC Mortgage filed an unlawful detainer action against Plaintiff in the Justice Court of the Las Vegas Township along with a motion for order to show cause. (Dkt. #13, TRO Mot. Ex. 1, Register of Actions.) The Justice Court granted the motion, and Plaintiff was evicted from the property on or about June 9, 2011. Plaintiff has now retained new counsel and asks the Court for a TRO, additional time to respond to Defendants' counter-motion, and a hearing date for her preliminary injunction motion. For the reasons discussed

---

[1] A district court may take judicial notice of any fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). This includes public records and reports made by a state agency or administrative body that are not subject to reasonable dispute. *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224 (9th Cir. 2004). The Court, therefore, takes judicial notice of the foreclosure documents related to Plaintiff's property, which Defendants filed in the Clark County Recorder's Office (Dkt. #6, Mot. Ex. F–H.)

below, the Court denies Plaintiff's motions for TRO, preliminary injunction, and hearing date. However, the Court grants Plaintiff's motion to extend time to respond.

## DISCUSSION

### I.  Injunctive Relief

#### A.  Legal Standard

Under Rule 65(b) of the Federal Rules of Civil Procedure, plaintiffs seeking a temporary restraining order or preliminary injunction must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). Applying *Winter*, the Ninth Circuit has since held that, to the extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Thus, a party must satisfy each of these four requirements.

Furthermore, the standard for obtaining *ex parte* relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The Court will only issue an *ex parte* TRO where it appears there would be an irreparable injury before the responding party can be heard. Fed. R. Civ. P. 65(b)(1)(A). In reality, a TRO is a temporary preliminary injunction issued for a limited period of time until the time when the opposing party has an opportunity to be heard. Rule 65's stringent restrictions on *ex parte* relief "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974). Thus, the central issue for an *ex parte* TRO motion is whether something needs to be done immediately, before a hearing can be held. Once the adverse party is given an opportunity to respond and a hearing is set, then the Court considers whether a preliminary injunction should issue.

///

**B.      Analysis**

Plaintiff asks the Court for injunctive relief to allow Plaintiff to regain possession of the property after Defendants successfully pursued an unlawful detainer action in the Las Vegas Justice Court. A temporary restraining order is an extraordinary form of relief, and the Court cannot issue such relief without Plaintiff demonstrating a likelihood of success on the merits. However, Plaintiff's complaint does not show a likelihood of success because the Court can do no more than infer from the complaint that Defendants are liable for the alleged misconduct. Mere recitals of the elements of a cause of action—supported only by conclusory statements—cannot suffice.

Furthermore, although the Court recognizes that Plaintiff's claims involve real property, this Court has previously held that the loss of real property is not a *per se* irreparable injury. *Leone v. Williams*, 2:06-cv-1459-RLH-RJJ, 2007 WL 1100828, * 2 (D. Nev. Apr. 12, 2007). Plaintiff's potential injuries are not irreparable because she could be compensated by monetary relief. And because Plaintiff has already lost the property through the foreclosure and unlawful detainer actions, immediate injunctive relief is unnecessary.

This emergency motion seems to demonstrate Plaintiff's last-ditch effort to thwart Defendants' attempts to finalize the completed foreclosure sale and remove her from the property, but her complaint and motions do not show more than the mere possibility of lender misconduct. Accordingly, Plaintiff has failed to satisfy the requirements for injunctive relief and the Court denies Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction. As such, Plaintiff's Ex Parte Motion for Hearing Date is now moot.

**III.     Motion to Extend Time**

Plaintiff also asks the Court to allow an extension of time to respond to Defendants' Counter-Motion to Dismiss. The Court therefore grants Plaintiff requests and instructs her to respond to Defendants' motion no later than two weeks from the date of this order.

///

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff Sandi L. Lund's *Ex Parte* Motion for Temporary Restraining Order (#13), Motion for Preliminary Injunction (#1-4), and *Ex Parte* Motion for Hearing Date (#14) are DENIED.

IT IS FURTHER ORDERED that Plaintiff Lund's Motion to Extend Time (#12) is GRANTED.  Plaintiff shall have two weeks from the date of this order to respond Defendants' Counter-Motion to Dismiss (#6).

Dated: June 20, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**