UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDI L. LUND, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-3, an entity of unknown formation and origin; GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION, a foreign limited-liability company; EXECUTIVE TRUSTEE SERVICES, LLC, a foreign limited liability company; and DOES I through X, inclusive; ROE CORPORATIONS I through X inclusive,<br><br>          Defendants. | Case No.: 2:11-cv-00384-RLH-RJJ<br><br>**O R D E R**<br><br>(Countermotion to Dismiss–#6) |

       Before the Court is Defendants Wells Fargo Bank, N.A., as Trustee for Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-3 ("Harborview"), GMAC Mortgage, LLC FKA GMAC Mortgage Corporation ("GMAC"), and Executive Trustee Services, LLC's ("Executive Trustee") **Countermotion to Dismiss** (#6, filed Mar. 15, 2011) for failure to state a claim. The Court has also considered Plaintiff Sandi L. Lund's Amended Opposition (#18, filed July 6, 2011), and Defendants' Reply (#19, filed July 13, 2011).

**BACKGROUND**

In November 2006, Lund refinanced her home loan with non-party BankUnited. Lund's refinanced loan with BankUnited was secured by a deed of trust on her Las Vegas home. BankUnited later assigned the mortgage to Wells Fargo, N.A., as trustee for Defendant Harborview. Lund subsequently defaulted on the loan and Defendants initiated non-judicial foreclosure proceedings. Lund's home was sold at a trustee's sale to Defendant GMAC, who obtained a Writ of Restitution in a different state court proceeding, requiring Lund to vacate her home. Lund filed suit in state court and the case was removed to this Court. Lund asserts various state common law causes of action against Defendants claiming that Defendants misled her during the loan origination and modification processes, and that they have wrongfully foreclosed on her home. Defendants have now filed a countermotion to dismiss all of Lund's claims. For the reasons discussed below, the Court grants Defendants' motion.

**DISCUSSION**

**I.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all

well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

## II.   Analysis

### a.   Unfair Lending Practices

Under NRS 598D.100(1)(b), a lender is prohibited from making a loan "without determining, using any commercially reasonable means or mechanism, that the borrower has the ability to repay the home loan." Lund claims that Harborview violated § 598D.100(b) by "providing a sub-prime loan that was neither suitable nor appropriate for Plaintiff's personal financial condition and well-being." (Dkt. #1-2, Complaint, ¶45). However, Lund's claim fails because Harborview did not make the loan at issue, non-party BankUnited did, and "[a] loan servicer who did not make the loan at issue cannot be subject to an unfair lending practices claim." *Vo v. American Brokers Conduit*, No. 3:09-cv-00654-LRH-VPC, 2010 WL 2696407, *2 (D. Nev. July 2, 2010); *see also Benito v. Indymac Mortg. Services*, No. 2:09-cv-01218-PMP-PAL, 2010 WL 2130648, *5 (D. Nev. May 21, 2010). Therefore, the Court dismisses Lund's first cause of action.

### b.   Negligent and Intentional Misrepresentation

Lund alleges that Defendants intentionally misrepresented the sub-prime nature of the loan at issue and whether the loan was suitable to her financial condition. She also alleges that

3

Defendants negligently misrepresented the loan by failing to provide her with accurate information in a manner that would allow her to understand her obligations under the loan. However, Lund's misrepresentation claims are time-barred under NRS 11.190(3)(d), which requires "an action for relief on the ground of fraud or mistake" to be filed within 3 years "upon the discovery by the aggrieved party of the facts constituting the fraud or mistake." Lund and BankUnited closed the loan in April 2007, but Lund did not file her complaint until almost 4 years later in February 2011. Therefore, because Lund does not allege she was delayed in discovering the facts constituting Defendants' alleged misrepresentations, her misrepresentation claims are time-barred. Accordingly, the Court dismisses Lund's second and fifth causes of action.

### c. Negligence and Negligence Per Se

Lund alleges that Defendants were negligent by placing Lund in a loan that is not appropriate for her personal financial circumstances. Lund also alleges that Defendants were negligent *per se* by violating NRS 645B.460 and 598D.100. However, Lund's negligence claims are time-barred because they were not filed within 2 years from the date the loan was closed. NRS 11.190(4)(e) (limitations period is two years for "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another"). Lund's negligence *per se* claim also fails because she has not pled a valid claim under either NRS 645B.460 or NRS 598D.100. Therefore, the Court dismisses Lund's third and fourth causes of action.

### e. Breach of Fiduciary Duty

One of the requirements to prevail on a breach of fiduciary duty claim is to show that the defendant owed a fiduciary duty to the plaintiff. *Mosier v. Southern California Physicians Ins. Exchange*, 74 Cal. Rptr. 2d 550, 565 (Cal. Ct. App. 1998). Yet, "the law does not recognize a fiduciary relationship between a lender and a borrower." *Cascade Investments, Inc. v. Bank of America, N.A., S.A.*, No. CV-N-99-599-ECR-RAM, 2000 WL 1842945, *3 (D. Nev. Sep. 29, 2000). Therefore, because Defendants do not owe Lund a fiduciary duty, her claim fails as a matter of law.

  **f.**  **Breach of the Covenant of Good Faith and Fair Dealing**

  Lund alleges that Defendants breached the covenant of good faith and fair dealing by not dealing with her in good faith regarding the loan transaction, loan modification, and short sale processes. However, for such a claim to survive there must be an enforceable contract. *Martin v. Sears Roebuck and Co.*, 899 P.2d 551, 555 (Nev. 1995). Therefore, Lund's claim fails with respect to the original loan agreement between her and BankUnited because that agreement was not in existence during the loan origination process, when the alleged breach occurred. Furthermore, Lund's claim fails with respect to the purported loan modification and short sale processes because Defendants were not contractually obligated to modify her loan or approve a short sale. *Clingman v. Somy*, No. 2:10-cv-01834-JCM-LRL, 2011 WL 383951, *3 (D. Nev. Feb. 3, 2011). Accordingly, the Court dismisses this claim.

  **g.**  **Wrongful Foreclosure**

  Lund alleges that because Defendants GMAC Mortgage and Executive Trustee have not produced the promissory note at issue they lack authority to institute foreclosure proceedings. However, "Defendants do not need to produce the note to the property in order to proceed with a non-judicial foreclosure." *Urbina v. Homeview Lending, Inc.*, 681 F. Supp. 2d 1254, 1258 (D. Nev. 2009) (citing NRS 107.080). In addition, to sustain a wrongful foreclosure claim Lund must show that "at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on [her] part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Because Lund is in default on the loan at issue she cannot meet this requirement. Therefore, the Court finds that Lund's wrongful foreclosure claim fails as a matter of law.

  **h.**  **Declaratory Relief**

  Declaratory relief is not a separate cause of action but a claim for relief. *Reece v. Republic Servs.*, No. 2:10-cv-00114-GMN-RJJ, 2011 WL 868386, *13 (D. Nev. Mar. 10, 2011).

Therefore, because the Court has found that Lund's other claims fail, her claim for declaratory relief also fails.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Harborview and Executive Trustee's Countermotion to Dismiss (#6) is GRANTED.

The Court instructs the Clerk of Court to close the case.

Dated: September 14, 2011

_____
**ROGER L. HUNT
United States District Judge**

AO 72
(Rev. 8/82)

6